**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re:

JOHN F. CAMPBELL,

              Debtor.

-----------------------------------------------------------------x
RADIANCE CAPITAL RECEIVABLES
TWELVE LLC,

              Plaintiff,

          -against-

JOHN F. CAMPBELL,

              Defendant.

-----------------------------------------------------------------x

Chapter 7

Case No. 23-35668 (KYP)

Adv. Pro. No. 24-09009 (KYP)

**MEMORANDUM (I) DECISION AND ORDER DENYING DEFENDANT'S
MOTION TO EXTEND TIME TO APPEAL SUMMARY JUDGMENT ORDER
ENTERED ON JANUARY 12, 2026, AND (II) DECISION CONCLUDING
THAT DEFENDANT'S NOTICE OF APPEAL FROM THE JUDGMENT
ENTERED ON FEBRUARY 4, 2026 WAS UNTIMELY BUT FURTHER
CONCLUDING THAT THIS COURT LACKS JURISDICTION TO STRIKE
<u>SUCH NOTICE OF APPEAL</u>**

**APPEARANCES:**

JOHN F. CAMPBELL
*Pro Se Defendant*
60 Campbell Road
Livingston Manor, NY 12758

MAPLES & FONTENOT, LLP
*Counsel to Plaintiff*
P.O. Box 1281
Mobile, AL 36633
By: Gilbert Larose Fontenot, Esq.
         Of Counsel

**HONORABLE KYU YOUNG PAEK**
**UNITED STATES BANKRUPTCY JUDGE**

## BACKGROUND

On January 12, 2026, the Court issued a Memorandum Decision and Order
("Summary Judgment Order")[1] resolving motions for summary judgment filed by
Plaintiff Radiance Capital Receivables Twelve LLC ("Radiance Capital") and Defendant
John F. Campbell ("Debtor").  The Court assumes familiarity with the Summary
Judgment Order, that order is incorporated herein by reference, and capitalized terms
used herein but not otherwise defined shall have the meanings ascribed to them in the
Summary Judgment Order.

The Summary Judgment Order resolved all three Counts in the Complaint: the
Court ruled in favor of the Debtor on Count I and ruled in favor of Radiance Capital on
Counts II and III.  (Summary Judgment Order at 34.)  In granting Count II in favor of
Radiance Capital, this Court ruled that any monetary sanction issued by the Alabama
District Court based on the Debtor's violations of the Charging Orders is
nondischargeable as a debt for "willful and malicious injury" under 11 U.S.C.
§ 523(a)(6).  (*Id*. at 24-32, 34.)  To facilitate the Alabama District Court's determination
of appropriate sanctions, this Court modified the automatic stay to permit Radiance
Capital to continue prosecution of the Sanctions Motion in Alabama District Court.  (*Id*.
at 31-32, 34.)

Neither party appealed the Summary Judgment Order within the 14-day
timeframe set forth in Federal Bankruptcy Rule 8002(a), but, on January 28, the Debtor

---

[1]      *See Memorandum Decision and Order (I) Granting in Part and Denying in Part Plaintiff's
Motion for Summary Judgment, (II) Granting in Part and Denying in Part Defendant's Motion for
Summary Judgment, and (III) Modifying the Automatic Stay to Allow Prosecution of the Sanctions
Motion*, dated Jan. 12, 2026 (ECF Doc. # 111).  A copy of this Summary Judgment Order is available on
the Westlaw database at 2026 WL 84544.  "ECF Doc. # _" refers to documents filed on the electronic
docket of this adversary proceeding.

moved for an extension of the appeal deadline ("Motion to Extend").[2]  Radiance Capital

filed an objection to the Motion to Extend.[3]

   The Court held a status conference on January 29, 2026 ("January 29

Conference").[4]  Because the Summary Judgment Order resolved all the claims in the

Complaint, the Court stated that the only matter remaining was to enter a separate

judgment re-stating the rulings made in the Summary Judgment Order.[5]  (*See* 1/29/26

Tr. at 3:16-19 ("THE COURT:  My view is that [the Summary Judgment Order resolves

all the matters in the Adversary Proceeding] because I addressed all three counts and

both Motions for Summary Judgment . . . which would only leave the ministerial act of

entering [a] judgment . . . .").)  Counsel to Radiance Capital agreed (*id*. at 4:6), and so

did the Debtor:

> THE COURT:  All right, so we can get [the Motion to Extend] on the
> calendar, but do you agree with my and Plaintiff's Counsel's assessment
> that with respect to the claims, that there's nothing left to do?
>
> . . .
>
> [THE DEBTOR]:  Yeah, Your Honor . . . .

(*Id*. at 5:13-19.)  The Court also expressed its view that, since the Summary Judgment

Order resolved all claims in the adversary proceeding, such order, rather than a

---

[2]    *See Defendant's Motion Requesting an Extension to File a Notice of Appeal and Statement of Election (Form 417A) from the Court Under Rule 8002(d)*, dated Jan. 28, 2026 (ECF Doc. # 113).

[3]    *See Radiance's Objection to Defendant's Motion Requesting an Extension to File a Notice of Appeal*, dated Feb. 16, 2026 (ECF Doc. # 118).

[4]    A copy of the January 29 Conference transcript is available at ECF Doc. # 119, and references to that transcript will be denoted as "1/29/26 Tr. at _:_."

[5]    Under Federal Civil Rule 58(a), "[e]very judgment and amended judgment must be set out in a separate document . . . ." FED. R. CIV. P. 58(a).  Federal Civil Rule 58 applies to this adversary proceeding pursuant to Federal Bankruptcy Rule 7058.

subsequently entered judgment, is the final order subject to appeal.  (*Id*. at 8:10-9:13.)

The Court instructed Radiance Capital's counsel to submit a proposed judgment to

conclude the adversary proceeding.  (*Id*. at 9:16-18.)  Thus, the Court entered the

*Judgment* on February 4, 2026 ("Judgment") (ECF Doc. # 116), which mirrored the

rulings of the Summary Judgment Order.

 Notwithstanding the Court's comment that the Summary Judgment Order was

the appealable final order and the Debtor's own Motion to Extend time to appeal that

order, the Debtor filed a *Notice of Appeal* from the Judgment on February 12, 2026

("Notice of Appeal") (ECF Doc. # 117).  In a footnote in the Notice of Appeal, the Debtor

argued that the Judgment was the proper document for purposes of an appeal.  (Notice

of Appeal at 1 n.2.)

 On February 26, 2026, the Court held a hearing on the Motion to Extend.[6]  In

addition to argument on such motion, the Court and the parties discussed what effect

the filing of the Notice of Appeal has on the proceedings.  The Court permitted each

party to make an additional submission on the latter issue (2/26/26 Tr. at 9:18-23, 11:9-

19, 12:20-24), and the parties made those submissions on March 2 and March 4, 2026.

(ECF Doc. ## 127, 129.)

## **DISCUSSION**

 There are two matters before the Court: (1) whether to extend the Debtor's

deadline to appeal from the Summary Judgment Order, and (2) whether the Debtor may

---

[6] A copy of the February 26, 2026 hearing transcript is available at ECF Doc. # 126, and references
to that transcript will be denoted as "2/26/26 Tr. at __:__."

appeal from the Judgment when the Summary Judgment Order resolved all the claims in this adversary proceeding.  Each matter is addressed below.

**A.    Motion to Extend Deadline to Appeal Summary Judgment Order**

**1.    Applicable Legal Standards**

A party must generally file a notice of appeal "with the bankruptcy clerk within 14 days after the judgment, order, or decree to be appealed is entered."  FED. R. BANKR. P. 8002(a)(1).  This deadline is jurisdictional and "strictly enforced" in the Second Circuit, including against *pro se* appellants.  *Amelio v. Piazza* (*In re Amelio*), 20 Civ. 3080 (JPC), 2020 WL 7028957, at *7 (S.D.N.Y. Nov. 30, 2020) (citing supporting authorities).  If a party fails to file a notice of appeal within this 14-day period, the party may seek extension of the deadline by filing a motion in the Bankruptcy Court within 21 days of the deadline and showing "excusable neglect."  FED. R. BANKR. P. 8002(d)(1)(B).

The Supreme Court has stated that the following factors should be considered when evaluating "excusable neglect": (1) the danger of prejudice to the debtor, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).  Although the *Pioneer* ruling dealt with an extension of time to file a late proof of claim, the *Pioneer* factors also apply when determining whether a party's failure to timely file an appeal was justified by excusable neglect.  *United States v. Enron Corp.* (*In re Enron Corp.*), 364 B.R. 482, 486 (S.D.N.Y. 2007).  The *Pioneer* factors are not accorded equal weight.  The third factor – the reason for the delay – is the most important factor, "and the other three factors are significant only in close cases."  *Williams v. KFC Nat'l Mgmt. Co.*, 391 F.3d 411, 415-16 (2d Cir.

5

2004), *cert. denied*, 544 U.S. 1012 (2005); *accord In re Musicland Holding Corp.*, 356 B.R. 603, 607 (Bankr. S.D.N.Y. 2006). The Second Circuit has taken "a hard line" in the application of the *Pioneer* factors. *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 368 (2d Cir. 2003), *cert. denied*, 540 U.S. 1105 (2004). The party seeking an extension to appeal bears the burden of establishing excusable neglect. *Enron*, 364 B.R. at 486.

The ability of the Bankruptcy Court to extend the appeal deadline is limited by Federal Bankruptcy Rule 8002(d)(2), which lists six categories of orders, judgments, or decrees for which the appeals deadline may not be extended. *See* FED. R. BANKR. P. 8002(d)(2)(A) – (F). Pertinent to the instant matter is the exception set forth in Federal Bankruptcy Rule 8002(d)(2)(A), which prohibits the extension of the appeal deadline for an order that "grants relief from an automatic stay under § 362 . . . ." FED. R. BANKR. P. 8002(d)(2)(A).

### 2.    Analysis

The Motion to Extend must be denied for two independent reasons. First, the Summary Judgment Order granted relief from the automatic stay to allow Radiance Capital to continue prosecution of the Sanctions Motion in Alabama District Court. (Summary Judgment Order at 31-32, 34.) Under Federal Bankruptcy Rule 8002(d)(2)(A), this Court may not extend the appeal deadline for an order that grants relief from the automatic stay.

Second, the Debtor has not shown "excusable neglect" for his failure to timely appeal the Summary Judgment Order. In his papers, the Debtor merely stated that he "made an honest mistake in not timely filing" a notice of appeal. (Motion to Extend ¶ 6.) At oral argument, the Debtor added that he mistakenly thought that the timeframe to file an appeal was 30 days after entry of a final order. (2/26/26 Tr. at 7:14-17.)

6

However, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Midland Cogeneration Venture Ltd. P'ship v. Enron Corp.* (*In re Enron Corp.*), 419 F.3d 115, 126 (2d Cir. 2005) (quoting *Pioneer*, 507 U.S. at 392); *see also id.* at 123 ("where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test") (quotation omitted).  Here, the Debtor has failed to provide any justification other than his mistaken belief that he had more time to file an appeal.  The Debtor's mistaken belief, standing alone, is insufficient to justify an extension of the appeal deadline.[7]

Thus, the Motion to Extend must be denied because (i) the Summary Judgment Order granted relief from the automatic stay, and (ii) the Debtor failed to show "excusable neglect."

## B.     Notice of Appeal of the Judgment

### 1.     Applicable Legal Standards

An appellant may appeal from "final judgments, orders, and decrees" issued by the Bankruptcy Court.  28 U.S.C. § 158(a)(1).  For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Klingshirn v. United States* (*In re Klingshirn*), 209 B.R. 698, 700 (B.A.P. 6th Cir. 1997) (quoting *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989)), *aff'd*, 147 F.3d 526 (6th Cir. 1998).  Where the document to be appealed is a "final order" rather than a "final judgment," a "separate document is not necessary to

---

[7]     Because the Debtor has failed to provide a compelling reason for the delay, the Court need not explore the other three *Pioneer* factors. *Williams*, 391 F.3d at 415-16.

effectuate the finality" of such final order. *Salim v. VW Credit, Inc.*, 577 B.R. 615, 622 (E.D.N.Y. 2017); *accord Ade-Berg Invs. v. Breeden* (*In re The Bennett Funding Grp., Inc.*), 439 F.3d 155, 161 (2d Cir. 2006) ("In this case we are dealing with a final order as opposed to a final judgment, and no separate document is necessary to effect its finality.").

"Finality in the bankruptcy context is determined by a less rigid standard than that applicable to other proceedings." *LTV Steel Co., Inc. v. United Mine Workers of Am.* (*In re Chateaugay Corp.*), 922 F.2d 86, 90 (2d Cir. 1990) (citation omitted). Orders that resolve "discrete disputes" within a larger bankruptcy case are immediately appealable. *Bennett Funding Grp*, 439 F.3d at 160 (quoting *Sonnax Indus., Inc. v. Tri Component Prods. Corp.* (*In re Sonnax Indus., Inc.*), 907 F.2d 1280, 1283 (2d Cir. 1990)). The "resolution of an adversary proceeding within the bankruptcy action" is an example of a discrete dispute. *Chateaugay Corp.*, 922 F.2d at 90 (citations omitted).

If a court issues a final disposition and subsequently "files a more formal judgment, the latter does not constitute a second final disposition or extend the appeal period." *Slimick v. Silva* (*In re Slimick*), 928 F.2d 304, 307 (9th Cir. 1990) (citations omitted); *see also id.* at 308 ("It is irrelevant that the court designated the first disposition an order and the later disposition a judgment. Appealability turns on the effect of the ruling, not the label assigned to it by the trial court."); *accord Key Bar Invs., Inc. v. Cahn* (*In re Cahn*), 188 B.R. 627, 630 (B.A.P. 9th Cir. 1995) ("In this case, even if the court had entered a judgment subsequent to its order, the first order would have been the final and appealable.") (*dicta*). The same principle applies where a Bankruptcy Court's summary judgment ruling conclusively determines the rights of the parties to an adversary proceeding. *See Salim*, 577 B.R. at 622-23 (dismissing appeal as

untimely where appellant failed to file a timely appeal from a Bankruptcy Court's summary judgment order concluding that creditor's claim was nondischargeable under 11 U.S.C. § 523(a)(6)); *Klingshirn*, 209 B.R. at 700 ("Summary judgment constitutes a 'final order' for appeal purposes in a bankruptcy context when it is in fact a final disposition of all claims asserted in underlying adversary proceeding.") (citation, internal quotation marks, and alterations omitted); *Cahn*, 188 B.R. at 628-30 (ruling that the Bankruptcy Court's summary judgment order resolving a nondischargeability adversary proceeding was final and appealable).

     To determine whether a disposition constitutes a "final act" in the matter, courts may consider evidence of the judge's intent and the conduct of the parties. *See Slimick*, 928 F.2d at 308 (citing *United States v. F. & M. Schaefer Brewing Co.*, 356 U.S. 227, 235-36 (1958) and *Cedar Creek Oil & Gas Co. v. Fidelity Gas Co.*, 238 F.2d 298, 301 (9th Cir. 1956)).

### 2.    Analysis

     The record here establishes that the Summary Judgment Order was the "final order" subject to appeal under 28 U.S.C. § 158(a).  Both parties moved for summary judgment on all three Counts of the Complaint, and the Summary Judgment Order resolved both motions by granting summary judgment to the Debtor on Count I and granting summary judgment to Radiance Capital on Counts II and III.  In other words, the Summary Judgment Order left "nothing for the court to do but execute the judgment." *Midland Asphalt Corp.*, 489 U.S. at 798 (quotation omitted).  That this Court subsequently entered the Judgment does not change the fact that the Summary Judgment Order was the operative "final order" that conclusively determined the rights of the parties in this adversary proceeding. *Slimick*, 928 F.2d at 307, 308; *see also In re*

*Han-Hsien Tuan*, Civ. No. 2:13–00324 (WJM), 2013 WL 5719505, at *3 (D.N.J. Oct. 21, 2013) ("[W]hen a court reenters a judgment without altering the substantive rights of the litigants, the entry of the second judgment does not affect the time within which a party must appeal the decisions made in the first order. . . . Rather, the clock begins to tick when the first order is entered.") (citations omitted).

The colloquy at the January 29 Conference further supports the conclusion that the Summary Judgment Order was a final order. As outlined *supra*, the Court and the parties agreed that the Summary Judgment Order resolved all the claims in this action, and the Court stated that the entry of a judgment was a formality. (*See* 1/29/26 Tr. at 3:16-19, 4:6, 5:13-19, 8:10-9:13.) In addition to his affirmative statement at the January 29 Conference, the Debtor also treated the Summary Judgment Order as the order for purposes of an appeal by filing the Motion to Extend.

The Summary Judgment Order, rather than the Judgment, is the operative document for purposes of an appeal. Therefore, the Debtor's Notice of Appeal was untimely because it was filed 31 days after the issuance of the Summary Judgment Order.

The Debtor's arguments to the contrary lack merit. He relies heavily on *A.J. Bosman v. Glod*, 6:15-cv-1036 (GLS), 2015 WL 9244275 (N.D.N.Y. Dec. 17, 2015) ("*Bosman II*"). There, a creditor (Bosman) commenced an adversary proceeding against the debtor (Glod) seeking a determination that her claim was nondischargeable. After a 2-day trial, the Bankruptcy Court issued a Memorandum, Decision and Order (MDO) finding in favor of Glod and dismissing Bosman's complaint. *Id*. at *1. Bosman filed a notice of appeal several months after the issuance of the MDO and argued that the appeal was timely because the Bankruptcy Court never entered a judgment, and her

notice of appeal was filed within the 150-day deadline set forth in Federal Civil Rule 58(c). *Id.*[8] The District Court agreed with Bosman and ruled that her appeal was timely. *Id.* at *3. The District Court explained that Federal Civil Rule 58(a) mandates that a judgment must be set out in a separate document, and the MDO was not a judgment. *Id.* at *2. Because no judgment was entered by the Bankruptcy Court, the 14-day appeals period "did not begin to run until 150 days after dismissal of the adversary proceeding . . . ." *Id.* at *3.

*Bosman II* is distinguishable. The MDO was entered after a trial and constituted the Bankruptcy Court's findings of fact and conclusions of law pursuant to Federal Civil Rule 52. *See A.J. Bosman v. Glod*, 528 B.R. 517, 522 (Bankr. N.D.N.Y. 2015) ("*Bosman I*") (stating that the MDO sets out the court's findings of fact and conclusions of law under Federal Civil Rule 52 and Federal Bankruptcy Rule 7052), *aff'd*, 564 B.R. 443 (N.D.N.Y. 2017). Federal Civil Rule 52(a)(1), made applicable to adversary proceedings under Federal Bankruptcy Rule 7052, provides:

> In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately. The findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of decision filed by the court. *Judgment must be entered under Rule 58.*

FED. R. CIV. P. 52(a)(1) (emphasis added).

As set forth by the emphasized portion above, Rule 52(a)(1) mandates the entry of a separate judgment under Rule 58 when there is a trial. In contrast, the Summary

---

[8]    Federal Civil Rule 58(a) generally requires that every judgment "be set out in a separate document," and Federal Civil Rule 58(c)(2) provides that, where a separate judgment is required, a judgment is entered when "the earlier of these events occur: (A) it is set out in a separate document; or (B) 150 days have run from the entry in the civil docket." FED. R. CIV. P. 58(c)(2).

Judgment Order was not issued following a trial.  Instead, it was a final order resolving

motions for summary judgment.  As set forth *supra*, where the document being

appealed is a "final order" rather than a "final judgment," the entry of a separate

document is unnecessary to effectuate the finality of the order.  *Bennett Funding Grp.*,

439 F.3d at 161; *Salim*, 577 B.R. at 622.  As the cases cited in the prior section (including

*Salim*, *Klingshirn*, and *Cahn*) confirm, summary judgment orders in adversary

proceedings can be "final orders" for purposes of an appeal.

The Debtor also relies on the advisory committee notes tied to a prior iteration of

Federal Civil Rule 58.  When the rule was amended in 1963, it included the following

language:

> Every judgment shall be set forth on a separate document.  A judgment is
> effective only when so set forth and when entered as provided in Rule
> 79(a).

FED. R. CIV. P. 58 (1990).  As the Debtor noted in his submission, the 1963 amendment

was intended, among other things, to eliminate uncertainty surrounding the start of the

time to file an appeal:

> [W]here the opinion or memorandum has not contained all the elements
> of a judgment, or where the judge has later signed a formal judgment, it
> has become a matter of doubt whether the purported entry of judgment
> was effective, starting the time running for post-verdict motions and for
> the purpose of appeal.  . . .  The amended rule eliminates these
> uncertainties by requiring that there be a judgment set out on a separate
> document – distinct from any opinion or memorandum – which provides
> the basis for the entry of judgment.

FED. R. CIV. P. 58 advisory committee's note to 1963 amendment.

The Debtor omits that Rule 58 was amended in 2002 to eliminate the

requirement that a separate document be entered for a judgment to be effective.  The

advisory committee explained:

24-09009-kyp    Doc 132    Filed 03/13/26    Entered 03/13/26 16:14:33    Main Document
Pg 13 of 14

> Rule 58 has provided that a judgment is effective only when set forth on a
> separate document and entered as provided in Rule 79(a).  This simple
> separate document requirement has been ignored in many cases.  The
> result of failure to enter judgment on a separate document is that the time
> for making motions under Rules 50, 52, 54(d)(2)(B), 59, and some
> motions under Rule 60, never begins to run.  The time to appeal under
> Appellate Rule 4(a) also does not begin to run.
>
> . . .
>
> Rule 58(b) discards the attempt to define the time when a judgment
> becomes "effective."  Taken in conjunction with the Rule 54(a) definition
> of a judgment to include "any order from which an appeal lies," the former
> Rule 58 definition of effectiveness could cause strange difficulties in
> implementing pretrial orders that are appealable under interlocutory
> appeal provisions or under expansive theories of finality.

FED. R. CIV. P. 58 advisory committee's note to 2002 amendment.

Thus, the Debtor relies on advisory committee notes that are outdated.  As outlined above, the concept of finality in the bankruptcy context is flexible, *see Chateaugay Corp.*, 922 F.2d at 90 (citation omitted), and a summary judgment order resolving all matters in an adversary proceeding can constitute a "final order" for purposes of an appeal.

### 3.    Jurisdiction Over the Notice of Appeal

At the February 26 hearing, the Court alluded to striking the Notice of Appeal if it was procedurally improper.  But before the Court can rule on this issue, it must consider whether it has jurisdiction to do so.

As a general matter, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the [trial] court of its control over those aspects of the case involved in the appeal."  *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)).  "The same legal principle applies to appeals of bankruptcy

13

court orders." *Dicola v. Am. S.S. Owners Mut. Prot. & Indem. Ass'n, Inc.* (*In re Prudential Lines, Inc.*), 170 B.R. 222, 243 (S.D.N.Y. 1994). "[E]ven when there is a question about the propriety of a notice of appeal, the trial court lacks jurisdiction to strike or dismiss it." *In re Schaefers*, Case No. 9:19-11163-MB, 2020 WL 728769, at *1 (Bankr. C.D. Cal. Feb. 11, 2020) (citing supporting authorities).

Although this Court concludes that the Notice of Appeal was untimely for the reasons stated in the prior subsection, the Court lacks jurisdiction to strike the Notice of Appeal. The issue of timeliness of the Notice of Appeal may be addressed on appeal by the United States District Court for the Southern District of New York ("District Court").

**CONCLUSION REGARDING NOTICE OF APPEAL**

For the reasons stated, the Court concludes that the Notice of Appeal was untimely filed. However, the Court lacks jurisdiction to strike the Notice of Appeal, and the issue of timeliness may be addressed by the District Court on appeal. This Court requests that the District Court process the Notice of Appeal in the ordinary course.

**ORDER DENYING MOTION TO EXTEND**

For the reasons stated, it is ORDERED that the Motion to Extend is DENIED.

/s/ Kyu Y. Paek

Dated: March 13, 2026
Poughkeepsie, New York

_____
Hon. Kyu Y. Paek
U.S. Bankruptcy Judge