**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x

In re:

JOHN F. CAMPBELL,

        Debtor.

Chapter 7

Case No. 23-35668 (KYP)

------------------------------------------------------------------x

RADIANCE CAPITAL RECEIVABLES
TWELVE LLC,

        Plaintiff,

    -against-

JOHN F. CAMPBELL,

        Defendant.

Adv. Pro. No. 24-09009 (KYP)

------------------------------------------------------------------x

**MEMORANDUM DECISION DENYING**
**DEFENDANT'S MOTION FOR STAY PENDING APPEAL**

**APPEARANCES:**

JOHN F. CAMPBELL
*Pro Se Defendant*
60 Campbell Road
Livingston Manor, NY 12758

MAPLES & FONTENOT, LLP
*Counsel to Plaintiff*
P.O. Box 1281
Mobile, AL 36633
By: Gilbert Larose Fontenot, Esq.
        Of Counsel

**HONORABLE KYU YOUNG PAEK**
**UNITED STATES BANKRUPTCY JUDGE**

**INTRODUCTION**

*Pro se* defendant John F. Campbell ("Debtor") seeks a stay ("Motion for Stay")[1]

pending his appeal of this Court's *Judgment*, dated February 4, 2026 ("Judgment")

(ECF Doc. # 116), in which the Court ruled that any monetary sanctions awarded to

Plaintiff Radiance Capital Receivables Twelve LLC ("Radiance Capital") on account of

the Debtor's violations of certain charging orders issued by the United States District

Court for the Southern District of Alabama ("Alabama District Court") is

nondischargeable under 11 U.S.C. § 523(a)(6).  Radiance Capital objects to the Motion

for Stay.[2]  For the reasons stated, the Motion for Stay is DENIED.

**BACKGROUND**

**A.      Summary Judgment Decision**

The facts relevant to this matter are set forth in this Court's *Memorandum*

*Decision and Order (I) Granting In Part and Denying In Part Plaintiff's Motion for*

*Summary Judgment, (II) Granting In Part and Denying In Part Defendant's Motion*

*for Summary Judgment, and (III) Modifying the Automatic Stay to Allow Prosecution*

*of the Sanctions Motion*, dated January 12, 2026 ("Summary Judgment Decision") (ECF

Doc. # 111).[3]  The Court assumes familiarity with the Summary Judgment Decision, the

decision is incorporated herein by reference, and capitalized terms used herein and not

---

[1]      *See Defendant's Emergency Motion for Stay Pending Appeal Under Federal Rule of Bankruptcy Procedure 8007*, docketed on Apr. 22, 2026 ("Debtor Brief") (ECF Doc. # 141); *see also Reply in Support of Debtor's Emergency Motion for Stay Pending Appeal*, dated Apr. 28, 2026 ("Debtor Reply") (ECF Doc. # 144).  "ECF Doc. # _" refers to documents filed on the electronic docket of this adversary proceeding. "ECF Main Case Doc. # _" refers to documents filed on the electronic docket of the Debtor's Chapter 7 bankruptcy case.  References to other dockets will include the case name or number.

[2]      *See Radiance's Sur-Reply to Defendant's Reply in Support of Emergency Motion to Stay Pending Appeal*, dated May 6, 2026 ("Radiance Brief") (ECF Doc. # 145).

[3]      The Summary Judgment Decision is available at 676 B.R. 464.

2

otherwise defined shall have the meanings ascribed to them in the Summary Judgment Decision. A brief overview of this case follows.

The Debtor borrowed $305,000.00 from a predecessor-in-interest of Radiance Capital in 2007. The Debtor defaulted on the note, Radiance Capital's predecessor sued the Debtor in Alabama District Court, and the Alabama District Court granted summary judgment in favor of the predecessor in September 2013. Shortly thereafter, the Alabama District Court entered two Charging Orders requiring numerous LLCs, in which the Debtor held ownership interest, to make distributions to Radiance Capital that would otherwise be payable to the Debtor until Radiance Capital's money judgment was paid in full.

The Debtor repeatedly violated the Charging Orders over the decade that followed by taking distributions from his LLCs in an aggregate amount well in excess of the money judgment owed to Radiance Capital. In June 2023, Radiance Capital filed a motion seeking to hold the Debtor in contempt for his violations of the Charging Orders ("Sanctions Motion"). Before the Alabama District Court could decide the Sanctions Motion, the Debtor filed a Chapter 7 bankruptcy petition in this Court, thereby staying further prosecution of the Sanctions Motion.

In March 2024, Radiance Capital commenced this adversary proceeding seeking, among other things, a determination that the amounts owed to it are nondischargeable under 11 U.S.C. § 523(a)(2)(A) and (a)(6). Radiance Capital and the Debtor each moved for summary judgment on all counts, and the Court resolved the motions in the Summary Judgment Decision. Importantly, the Court ruled that any sanction issued by the Alabama District Court based on the Debtor's violations of the Charging Orders is nondischargeable under 11 U.S.C. § 523(a)(6). (Summary Judgment Decision at 24-32,

3

34.)  To facilitate the Alabama District Court's determination as to appropriate sanctions, this Court modified the automatic stay to allow Radiance Capital to continue prosecution of the Sanctions Motion in Alabama District Court.  (*Id*. at 31-32, 34.)[4]

**B.      Alabama Sanctions Decision**

After this Court modified the automatic stay in the Summary Judgment Decision, the parties completed briefing on the Sanctions Motion, and the Alabama District Court issued its ruling on April 28, 2026.  *See Radiance Cap. Receivables Twelve, LLC v. Campbell*, Case No. 1:13-cv-238-TFM-C, 2026 WL 1147610 (S.D. Ala. Apr. 28, 2026) ("*Alabama Sanctions Decision*").  The Alabama District Court granted the Sanctions Motion and held the Debtor in contempt for violating the Charging Orders.  *Id*. at *3. The Alabama District Court ruled that the arguments made by the Debtor in opposition to the Sanctions Motion were precluded under the doctrines of *res judicata* and collateral estoppel because they were raised, and rejected, by this Court in the Summary Judgment Decision.  *See id*. at *4 ("Campbell's prior defenses, now raised once again before this Court, are barred by the various preclusion doctrines and not subject to re-litigation in this proceeding.  However, even if they were not, for the same reasons identified by the Bankruptcy Court, this Court would reject those defenses.").  Having found the Debtor in contempt, the Alabama District Court held that the Debtor must pay

---

[4]      Upon further review, modification of the automatic stay was not required because the Debtor received a Chapter 7 bankruptcy discharge on July 10, 2024.  (ECF Main Case Doc. # 49 ("Order of Discharge").)  In a Chapter 7 bankruptcy case where the debtor is an individual, the automatic stay ceases to be in effect when such debtor receives a bankruptcy discharge.  *See* 11 U.S.C. § 362(c)(2)(C).  The Order of Discharge, which is a form order, made clear that the discharge does not apply to "debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case."  (Order of Discharge at 2.)

Radiance Capital $323,089.00, constituting the amount of the prior money judgment plus accrued interest, in order to purge himself of his contempt. *Id*. at *4-6.[5]

**C.     The District Court Appeal and the Instant Motion for Stay**

On February 12, 2026, the Debtor filed a notice of appeal from the Judgment to the United States District Court for the Southern District of New York ("New York District Court"), and the appeal was assigned case number 26-cv-02134-PMH ("District Court Appeal").[6]  The Debtor filed his appellant's brief on April 14, Radiance Capital filed its appellee's brief on May 14, and the Debtor filed his appellant's reply on May 26, 2026.  (ECF District Court Appeal Doc. ## 21, 32, and 36.)

On April 20, 2026, the Debtor filed the instant Motion for Stay in this Court (ECF Doc. # 137), and a corrected submission was docketed on April 22, 2026.  (*See* Debtor Brief.)  Radiance Capital responded on May 6 (*see* Radiance Brief), the Court heard oral argument on May 14 and took the matter under advisement.

---

[5]     The Alabama District Court also awarded Radiance Capital further interest that accrues from March 25, 2026 to the date that the Debtor purges himself of the contempt and instructed Radiance Capital to file a petition seeking the award of attorney's fees and costs. *Alabama Sanctions Decision*, 2026 WL 1147610, at *4-6.

[6]     The Debtor filed a motion to extend the time to appeal the Summary Judgment Decision under Federal Bankruptcy Rule 8002(d)(1)(B), and the Court denied that motion. *See Radiance Cap. Receivables Twelve LLC v. Campbell* (*In re Campbell*), Adv. P. No. 24-09009 (KYP), 2026 WL 730060, at *2-3 (Bankr. S.D.N.Y. Mar. 13, 2026) (denying motion to extend appellate deadline because (i) Federal Bankruptcy Rule 8002(d)(2)(A) precludes extensions where an order grants relief from the automatic stay, and (ii) the Debtor failed to establish excusable neglect).  The Debtor then filed a notice of appeal from the Judgment, and the New York District Court ruled that such appeal was timely. *Radiance Cap. Receivables Twelve LLC v. Campbell* (*In re Campbell*), 26-CV-02134 (PMH), 2026 WL 1146587, at *2-3 (S.D.N.Y. Apr. 28, 2026) (ruling that the fourteen-day deadline to appeal ran from the Judgment rather than the Summary Judgment Decision).

**DISCUSSION**

**A.    Legal Standard Governing the Motion for Stay**

Under Rule 8007(a)(1) of the Federal Rules of Bankruptcy Procedure, a party must ordinarily "move first in the bankruptcy court for . . . a stay of the bankruptcy court's judgment, order, or decree pending appeal." Fed. R. Bankr. P. 8007(a)(1). Courts consider the following factors when deciding whether to grant a stay pending appeal:

- whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

- whether the applicant will be irreparably injured absent a stay;

- whether issuance of the stay will substantially injure the other parties interested in the proceedings;

- where the public interest lies.

*Nken v. Holder*, 556 U.S. 418, 434 (2009) (citation omitted); *see also ACC Bondholder Grp. v. Adelphia Commc'ns Corp.* (*In re Adelphia Commc'ns Corp.*), 361 B.R. 337, 346 (S.D.N.Y. 2007). A stay pending appeal under Rule 8007 is "the exception, not the rule," and the party seeking a stay "carries a heavy burden." *Carrington v. Lamonica* (*In re Carrington*), 698 F. Supp. 3d 659, 661 (S.D.N.Y. 2023) (quotations omitted), *dismissing appeal*, Case Nos. 24-197, 23-7433, 2024 WL 3491202 (2d Cir. May 3, 2024). The "most critical" factors are whether the appellant has a made a strong showing that he is likely to succeed on the merits, and whether the appellant will be irreparably injured absent a stay. *Nken*, 556 U.S. at 434. "The decision as to whether or not to grant a stay of an order pending appeal lies within the sound discretion of the court." *In re Broadway Realty I Co., LLC*, Case No. 25-11050 (DSJ), 2026 WL 147505,

at *14 (Bankr. S.D.N.Y. Jan. 19, 2026) (quoting *Sabine Oil & Gas Corp. v. HPIP Gonzales Holdings, LLC* (*In re Sabine Oil & Gas Corp.*), 551 B.R. 132, 142 (Bankr. S.D.N.Y. 2016)).

### B.   Analysis

#### 1.   Merits

To establish a strong likelihood of success on the merits, "[i]t is not enough that the chance of success on the merits be better than negligible." *Nken*, 556 U.S. at 434 (quoting *Sofinet v. Immigr. & Naturalization Serv.*, 188 F.3d 703, 707 (7th Cir. 1999)) (internal quotation marks omitted). As to this prong, the Debtor does not challenge the substance of the Court's ruling that the Debtor's intentional violations of the Charging Orders caused "willful and malicious injury" to Radiance Capital within the meaning of 11 U.S.C. § 523(a)(6). Instead, the Debtor asserts that Radiance Capital "never requested" that monetary sanctions be declared nondischargeable, and therefore, his due process rights were violated when this Court ruled that sanctions issued by the Alabama District Court are nondischargeable under section 523(a)(6). (Debtor Brief at 5.)

The Debtor's argument is meritless. The entire factual premise of Radiance Capital's complaint in this adversary proceeding is that it was injured by the Debtor's intentional violations of the Charging Orders. (*See Adversary Complaint*, dated Mar. 5 2024 ("Complaint") ¶¶ 12-62 (ECF Doc. # 1).) Radiance Capital pressed several theories to recover from the Debtor based on these allegations. In Count I of the Complaint, Radiance Capital argued that the Debtor's receipt of transfers from the charged LLCs gave rise to liability under Alabama fraudulent transfer law, and such liability was nondischargeable as a debt for money obtained by actual fraud under 11 U.S.C.

§ 523(a)(2)(A).  (Complaint ¶¶ 52-55.)  In the Summary Judgment Decision, the Court disagreed with Radiance Capital and granted summary judgment to the Debtor on Count I.  (Summary Judgment Decision at 17-24.)

In Count II of the Complaint, Radiance Capital asserted two separate theories of recovery.  First, Radiance Capital argued that the liens created by the Charging Orders gave it ownership rights over the funds transferred to the LLCs.  Thus, by taking those distributions, the Debtor was liable to Radiance Capital for conversion, and that liability was nondischargeable as a debt for "willful and malicious injury" under 11 U.S.C. § 523(a)(6).  (Complaint ¶¶ 57-59.)  The Court did not explicitly rule on Radiance Capital's conversion theory in the Summary Judgment Decision because it granted summary judgment to Radiance Capital on Count II based on its alternative theory described next.[7]

Radiance Capital's alternative theory under Count II was that the Debtor "knowingly violated the [Charing Orders] in an effort to thwart [Radiance Capital's] security interest in the distributed funds.  [The Debtor] acted intentionally and deliberately despite a substantial certainty that [Radiance Capital] would be injured as a result."  (Complaint ¶ 60.)  "As a result of said . . . willful violation of the charging orders, [Radiance Capital] and/or its property has been damaged."  (*Id.* ¶ 61.)  Radiance Capital concluded Count II by seeking "a judgment that [the Debtor's] debt to [Radiance Capital] arising from his . . . willful violation of the charging orders is not dischargeable .

---

[7]     However, as part of its analysis of Count I, the Court reviewed Alabama law and observed that "a charging order under Alabama law does not provide a judgment creditor with the same rights generally enjoyed by a secured creditor."  (Summary Judgment Decision at 22-23.)

. . ." (*Id.* ¶ 62.)[8] A debt that arises from a willful violation of a court order is a monetary

sanction. *Cf. ProScript Pharmacy v. Alexander* (*In re Alexander*), 677 B.R. 32, 45

(S.D.N.Y. 2026) (agreeing with proposition that an order awarding damages to remedy a

creditor's willful violation of the automatic stay cannot "fairly be characterized as

anything other than a sanction") (quoting *Collect Access, LLC v. Hernandez* (*In re

Hernandez*), No. 13-SC-1301, 2014 WL 1345940, at *7 (B.A.P. 9th Cir. Apr. 4, 2014)),

*appeal docketed*, Case No. 26-239 (2d Cir. Feb. 3, 2026). Thus, the "debt" referenced in

the Complaint, for which Radiance Capital sought a nondischargeability judgment, is a

monetary sanction for the Debtor's willful violations of the Charging Orders.

Ultimately, the Court granted Summary Judgment to Radiance Capital on this theory

and ruled that any monetary sanction issued by the Alabama District Court based on the

Debtor's violations of the Charging Orders is nondischargeable under 11 U.S.C.

§ 523(a)(6). (Summary Judgment Decision at 24-32, 34.)

---

8    Radiance Capital likewise argued in its summary judgment motion that it was injured by the
Debtor's intentional violations of the Charging Orders:

> [I]n this case, it is undisputed that [the Debtor] knew of the charging orders and
> understood such to require [the LLCs] to pay all funds otherwise to be paid to [the
> Debtor] by virtue of his membership interest in those entities to be paid to [Radiance
> Capital]. In further contravention of the charging orders, [the Debtor] also failed to
> inform [Radiance Capital] of the distributions made by [the LLCs]. Therefore, it is
> undisputed that [the Debtor] knew of [Radiance Capital's] security interest . . . it is also
> undisputed that [the Debtor] made the transfers with intent to avoid paying [Radiance
> Capital] the funds. There is thus no dispute that [the Debtor] both knew of [Radiance
> Capital's] security interest and that he intended to cause [Radiance Capital] financial
> harm by preventing it from recovering funds subject to this interest.
>
> . . .
>
> Therefore, the Court should hold that the injury [the Debtor] inflicted on [Radiance
> Capital] by intentionally transferring funds subject to [Radiance Capital's] liens was
> "willful and malicious" and thus excepted from discharge.

(ECF Doc. # 84 at 10-12.)

9

Therefore, the Debtor's argument that Radiance Capital never requested a nondischargeability determination of sanctions debt is simply incorrect, and, as a result, the Debtor has failed to show a likelihood of success on the merits.

### 2.   Irreparable Injury

Irreparable injury to the stay applicant must be "neither remote nor speculative, but actual and imminent." *Adelphia*, 361 B.R. at 347.  In this regard, the Debtor argues that he faces "immediate incarceration" if he does not pay the sanctions debt owed to Radiance Capital. (Debtor Brief at 5-6.)  However, no court has issued an arrest warrant for the Debtor, and Radiance Capital has not yet filed a motion seeking such relief. Thus, the Debtor has failed to show that he faces imminent injury if a stay is not issued.

### 3.   Injury to the Other Party

The stay applicant must show that other parties will not suffer substantial harm if the stay is granted.  *Adelphia*, 361 B.R. at 349.  In this regard, the Debtor argues that Radiance Capital will suffer "no material prejudice" from a stay, and a stay would "simply preserve the status quo" while the appeal is resolved.  (Debtor Brief at 6.)  The Court disagrees.  The Debtor has failed to pay any portion of the money judgment owed to Radiance Capital (and previously, the predecessor-in-interest) for *almost thirteen years.*  For roughly the same period of time, the Debtor knowingly violated the Charging Orders, which, if followed, would have resulted in the full payment of the amount owed to Radiance Capital many years ago.  When Radiance Capital filed its Sanctions Motion in Alabama District Court, the Debtor responded by filing a bankruptcy petition, which further delayed any recovery by Radiance Capital.  Under these circumstances, the Court concludes that a stay would result in substantial harm to Radiance Capital.

10

**4.     Public Interest**

This Court has recognized that, when the other elements for a stay are not present, "a stay pending appeal would injure the interests of sound case management in the bankruptcy process, and as a consequence, would also injure the public interest." *In re 473 W. End Realty Corp.*, 507 B.R. 496, 508 (Bankr. S.D.N.Y. 2014) (quoting *In re Taub*, No. 08–44210, 2010 WL 3911360, at *6 (Bankr. E.D.N.Y. Oct. 1, 2010)); *see Carroll v. Trump*, 687 F. Supp. 3d 394, 400 (S.D.N.Y. 2023) (courts should treat the four factors "like a sliding scale," in which "more of one excuses less of the other") (quotations and alteration omitted); *see also Uniformed Fire Officers Ass'n. v. de Blasio*, 973 F.3d 41, 49 (2d Cir. 2020) (Where "likelihood of success [is] totally lacking, the aggregate assessment of the factors bearing on issuance of a stay pending appeal cannot possibly support a stay.") (citing supporting authorities).  As set forth above, the Debtor has failed to satisfy the other three elements for a stay pending appeal.  Thus, the public interest would not be served by granting the Debtor a stay.

**CONCLUSION**

For the reasons stated, the Debtor's Motion for Stay is DENIED.  Counsel for Radiance Capital is directed to upload a proposed order consistent with this Memorandum Decision to the Court's eOrders system.

/s/ Kyu Y. Paek



**Dated: June 1, 2026**
**Poughkeepsie, New York**

_____
**Hon. Kyu Y. Paek**
**U.S. Bankruptcy Judge**